1  **Angela M. Alioto, (SBN 130328)**
2  **Angela Mia Veronese, (SBN 269942)**
   **Matthew J. Wayne, (SBN 283897)**
3  **LAW OFFICES OF MAYOR JOSEPH L. ALIOTO**
   **AND ANGELA ALIOTO**
4  700 Montgomery Street
   San Francisco, CA  94111
5  Telephone: (415) 434-8700
6  Facsimile: (415) 438-4638

7  Attorneys for Plaintiffs Christopher O'Halloran,
   Devon Oliver, and Davion McFarland
8

9  **Jeremy T. Naftel, State Bar No. 185215**
   **jnaftel@cdflaborlaw.com**
10 **Nicole A. Legrottaglie, State Bar No. 271416**
   **nlegrottaglie@cdflaborlaw.com**
11 **CAROTHERS DISANTE & FREUDENBERGER LLP**
12 900 University Avenue
   Suite 200
13 Sacramento, CA  95825
   Telephone: (916) 361-0991
14 Facsimile: (916) 570-1958
15
   Attorneys for Defendant GCA Services Group of Texas, LP (erroneously sued as GCA Services
16 Group, Inc.)

17                    **UNITED STATES DISTRICT COURT**
18                    **NORTHERN DISTRICT OF CALIFORNIA**

19 | **Christopher O'Halloran, Devon Oliver,** | ) | Case No.: 3:15-cv-00868-HSG |
20 | **and Davion McFarland**                  | ) |                              |
   |                                            | ) | ~~PROPOSED~~ **SCHEDULING ORDER** |
21 |                                            | ) |                              |
22 |        Plaintiffs,                         | ) |                              |
   |                                            | ) |                              |
23 |                                            | ) |                              |
   | vs.                                        | ) |                              |
24 |                                            | ) |                              |
25 |                                            | ) |                              |
   | **GCA Services Group, Inc., and DOES 1 to**| ) |                              |
26 | **20,**                                    | ) |                              |
   |                                            | ) |                              |
27 |                                            | ) |                              |
   |        Defendants.                         | ) |                              |
28 |_____| ) |                              |

O'Halloran et al. v. GCA Services Group of Texas, LP
PROPOSED SCHEDULING ORDER

On June 9, 2015, the Parties' counsel appeared before the Court for a Fed. R. Civ. P. 16 Case Management Conference. At the Case Management Conference, the Court indicated that all fact discovery in this case should be completed by no later than January 15, 2016, motions to amend the complaint should be filed by June 23, 2015, and the first day of trial should be set two months or ten weeks from the dispositive motion hearing date. (Docket No. 25) The Court ordered the Parties' counsel to meet and confer further concerning all other case management deadlines.

The parties have met and conferred regarding the relevant dates and sought to structure a timeline permitting the parties to consider mediation after the court's ruling on dispositive motions and before work on trial preparation begins in earnest.

**Defendant's Position:**

If the last day to hearing dispositive motions is March 31, 2016, a 60-day window between the ruling and the beginning of trial preparation would be approximately June 15. Allowing 30 days for trial preparation would yield a trial date of approximately July 15. However, lead trial counsel for Plaintiffs is out of the country from the beginning of July to mid-August. Thus, the trial date must be moved to early June or early September. Defendant's position is that moving it to early June would make it difficult for the parties to hold a mediation after obtaining a ruling on dispositive motions and before beginning trial preparation. Defendant's position is that moving it to early September would impose a modest delay but would have no other consequence.

**Plaintiffs' Position:**

If the last day to hear dispositive motions is March 31, 2016, a 60-day window between the hearing and the first day of trial would be approximately May 30, 2016. A ten-week window would set the first day of trial for approximately June 9, 2016.

Plaintiffs do not object to a September trial date. However, if the Court is inclined to set the trial date within sixty days or ten weeks of the dispositive motion hearing date, Plaintiffs request that the trial be set for no later than June 13, 2016, given that Plaintiffs' lead trial counsel will be out of the country for most of July and August.

Accordingly, after having had met and conferred with each other, the Parties and their counsel hereby suggest that the Court set the following case management deadlines:

| | |
|---|---|
| **Fact discovery cutoff:** | **January 15, 2016** |
| **Last day to disclose experts:** | **February 15, 2016** |
| **Last day to disclose rebuttal experts:** | **March 16, 2016** |
| **Last day to hear dispositive motions:** | **March 31, 2016** |
| **Last day to complete expert discovery:** | **June 3, 2016** |
| **Final pretrial conference:** | ~~June 6, 2016 or~~ August ~~29~~ 30, 2016 |
| **Trial:** | ~~June 13, 2016 or~~ September 5, 2016 |

Signed this ___4th___ day of ___August___, 2015.

*Haywood S. Gilliam Jr.*
Honorable Haywood S. Gilliam,
UNITED STATES DISTRICT JUDGE

O'Halloran et al. v. GCA Services Group of Texas, LP
PROPOSED SCHEDULING ORDER                                                                                                  3

Respectfully submitted,

LAW OFFICES OF JOSEPH ALIOTO AND ANGELA ALIOTO

By:    */s/ Matthew J. Wayne*
       Matthew J. Wayne
       Attorneys for Plaintiffs

CAROTHERS DISANTE & FREUDENBERGER LLP

By:    */s/ Nicole A. Legrottaglie*
       Nicole A. Legrottaglie
       Attorneys for Defendant
       GCA Services Group of Texas, LP

**LOCAL RULE 5-1 ATTESTATION**

In accordance with U.S. District Court for the Northern District of California Civil Local Rule 5-1(i)(3), the filing attorney attests that concurrence in the filing of this document has been obtained from each of the other Signatories, which shall serve in lieu of their signatures on the document. The filing attorney will maintain records to support this concurrence for subsequent production for the Court, if so ordered, or for inspection upon request by a party, until one year after the final resolution of the action (including appeal, if any).

Dated: June 30, 2015        LAW OFFICES OF JOSEPH ALIOTO AND ANGELA ALIOTO

By:    */s/ Matthew J. Wayne*
       Matthew J. Wayne
       Attorneys for Plaintiffs